IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50344
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ LUIS GOMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-99-CR-308-1
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

José Luis Gomez challenges his conviction on three counts of transporting an illegal alien for financial gain, in violation of 8 U.S.C. § 1324. He asserts that the district court erred in admitting at trial the deposition testimony of the illegal aliens on the ground that the translator provided at the deposition was not certified and translated the testimony incorrectly. Gomez has not demonstrated that the district court abused its discretion in determining that the objection was waived due to the lack of a contemporaneous objection. See Fed. R. Crim. P.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

15(f); United States v. White, 219 F.3d 442, 448 (5th Cir. 2000). Moreover, Gomez has not demonstrated any errors actually made by the translator and has thus failed to show that the district court's alternative determination that there was no proof of any such errors was an abuse of discretion. See White, 219 F.3d at 448.

Gomez additionally argues, for the first time on appeal, that the deposition tapes should have been excluded because immediately before the depositions were taken, a superseding indictment issued, adding the new element that he had transported the aliens for personal profit. He asserts that there is no proof that he was aware of the new indictment and that the issue of payment was therefore ignored during the depositions.

Gomez has not affirmatively asserted that he did not have notice of the superseding indictment, which issued five days prior to the taking of the depositions, and he has thus failed to demonstrate any error, plain or otherwise, in connection with their admission based on the issuance of the superseding indictment. See United States v. Meshack, 225 F.3d 556, 575 (5th Cir. 2000), cert. denied, 2001 WL 13025 (2001). Moreover, he does not state what questions, if any, he would have asked or asked differently had he known of the superseding indictment, and he thus fails to show that his substantial rights or the fairness of the proceedings were affected. See id.

Gomez's appeal is wholly without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir.

1993).  Accordingly, the appeal is DISMISSED.  See id.; 5th Cir. R. 42.2.

APPEAL DISMISSED.